(September 13, 1985)

■ In the Matter of NORWOOD BANKS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Petitioner has filed a certificate establishing that on July 19, 1985 respondent was convicted in Albany County Court of the crime of conspiracy in the fourth degree, a class E felony (Penal Law § 105.10). Having been convicted of a felony, respondent ceased to be an attorney and counselor-at-law (Judiciary Law § 90 [4] [a]). Petitioner's motion to strike respondent's name from the roll of attorneys is therefore granted. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.

(September 19, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELAINE BARTLETT, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered January 26, 1984, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the first degree.

Following defendant's conviction after trial, she was sentenced on January 26, 1984 to an indeterminate prison term of 20 years to life. Underlying defendant's conviction of this class A-1 felony is a sale of cocaine for the sum of $8,800 and her admission to a probation officer that she was a dealer in this substance. The only issue raised on this appeal is the contended excessiveness of the sentence. In the circumstances, the sentence cannot be characterized as harsh or excessive and no abuse of discretion has been shown. The judgment should, therefore, be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.